IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 21-71 |
| WILLIAM KAETZ | |

GOVERNMENT'S UNOPPOSED MOTION FOR AUTHORIZATION TO DISCLOSE
SEALED MATERIALS AND FOR A PROTECTIVE ORDER

And now comes the United States of America, by its attorneys Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Tonya Sulia Goodman and Cindy K. Chung, Assistant United States Attorneys for said District and respectfully requests that this Court enter an Order permitting the United States to disclose to the defendant copies of the applications, affidavits, warrants, and other related documents filed at the below-listed Magistrate Numbers, currently maintained under seal. The government further requests that the Court issue a Protective Order with respect to the government's disclosure of these sealed materials along with additional materials the government is required to produce pursuant to Fed. R. Crim. P. 16 and any ongoing productions. In support of this request, the United States respectfully submits the following:

1. On January 21, 2021, a federal grand jury sitting in the District of New Jersey returned a four-count Indictment in the above-captioned case, charging the defendant with violations of Title 18, United States Code, Sections 115(a)(1)(B) and 115(b)(4) (Threats to Assault and Murder a United States Judge); 875(c) (Interstate Communications Containing Threats to Injure); 119(a)(1) and

119(a)(2) (Making Restricted Personal Information Publicly Available); and 922(g) (Felon in Possession of a Firearm and Ammunition). The defendant is scheduled to be arraigned on these charges on February 2, 2021.

2. Consistent with its obligations pursuant to Fed. R. Crim. P. 16, the government now seeks to provide discovery to the defendant, including documents which are currently under seal at the following Magistrate Numbers: 20-9419, 20-9420, 20-MJ-9472, 20-MJ-9422, and 21-MJ-9065. Although the United States is requesting authorization to make available to the defendant copies of the applications, affidavits, warrants, and other related documents filed at the above Magistrate Numbers, the United States requests that this Court continue to maintain the original documents under seal.

3. The sealed materials are included with other discoverable materials that the government seeks to disclose to the defendant (these and future productions are collectively referred to herein as "Discovery Materials").

4. Out of concern that the defendant may threaten or harass potential witnesses in this case (including the filing of frivolous law suits) and/or publicly disclose materials which may contain sensitive information, the United States requests that this Court enter a Protective Order limiting the defendant's use, reproduction, and dissemination of the Discovery Materials.

5. Federal Rule of Criminal Procedure 16(d) provides,

> *Protective and Modifying Orders*. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is

> granted, the court must preserve the entire text of the party's statement under seal.

Rule 16, therefore, authorizes the Court to restrict the inspection of discovery for good cause shown. And, the Supreme Court has recognized that district courts may use protective orders to restrict the use of materials produced in discovery:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

*Alderman v. United States,* 394 U.S. 165, 185 (1969).

6. For the good cause shown below, the government requests that this Court issue a Protective Order restricting the use, reproduction, and dissemination of the Discovery Materials, as set forth in the attached proposed order limiting the dissemination of such materials.

7. The charges in this case arise from the defendant's threatening and intimidating conduct; his public dissemination of sensitive personal information; his use of social media to encourage others to act upon the disseminated personal information; and his use of the court system and the litigation process in a harassing and arguably intimidating manner. The Discovery Materials in this case include information provided by victims and witnesses. If the defendant is permitted to have unrestricted access to the Discovery Materials, the government believes that he may attempt to publicly disseminate the materials; may harass or threaten victims and witnesses; and may attempt to initiate frivolous legal proceedings against the government's witnesses in an effort to

harass and intimidate or in an effort to cause them to be recused from the matter.

8. For example, after criminal proceedings were initiated against him in this case, the defendant filed a civil law suit naming as defendants the original victim of his threatening conduct in this case; the Assistant United States Attorney who represented the United States at the defendant's detention hearing; the Senior Inspector from the United States Marshal's Service who testified as the government's witness at the detention hearing; and the Special Agent with the Federal Bureau of Investigation who swore to the Affidavit in Support of Probable Cause for the Complaint through which the defendant was initially charged in this case. *See William F. Kaetz v. Unknown U.S. Marshals, et al.*, 2:21-cv-62, ECF No. 1 (W.D.Pa. January 13, 2021); *see also Kaetz v. McCarthy,* 3:05-cv-1544 (E.D.Pa.) (suit filed by defendant against his supervisory probation officer in prior criminal case). The government's concern that the defendant may use the Discovery Materials to harass or threaten potential witnesses is, therefore, not merely speculative. In order to prevent further harassment, threats, and intimidation, the government respectfully requests that the Court issue an order restricting the use, reproduction, and dissemination of the Discovery Materials, as set forth in the attached proposed order.

9. The government has conferred with counsel for the defendant who does not oppose this motion.

4

Wherefore the government respectfully submits this unopposed motion for authorization to disclose and for protective order.

    Respectfully submitted,

SCOTT W. BRADY
United States Attorney


s/Tonya Sulia Goodman
TONYA SULIA GOODMAN
Assistant United States Attorney
U.S. Attorney's Office
Tonya.goodman@usdoj.gov
PA ID No. 204724
*Acting Under Authority Conferred by 28 U.S.C. § 515*


s/Cindy K. Chung
CINDY K. CHUNG
Assistant United States Attorney
U.S. Attorney's Office
cindy.chung2@usdoj.gov
PA ID No.
*Acting Under Authority Conferred by 28 U.S.C. § 515*