**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,                    CRIMINAL DIVISION

     vs.                                          21-0071

WILLIAM KAETZ a/k/a Bill Kaetz,              Honorable J. Nicholas Ranjan
    Defendant.

## MOTION TO DISMISS COUNT 4 OF INDICTMENT—*REHAIF*

AND NOW, comes the Defendant, William Kaetz a/k/a Bill Kaetz, by and through his undersigned attorney, Douglas Sughrue, Esquire, and, pursuant to Fed.R.Cr.P. 12(b)(3)(B)(iii) and (v) and (g), moves to dismiss Count IV of the Indictment for the following reasons:

1.    On October 18, 2020, Defendant was arrested and charged at 2:20-mj-09421 by complaint with committing the following offenses in the District of New Jersey on October 18, 2020:

  (1) 18 U.S.C. §875(c)—Interstate communications containing threats to injure; and

  (2) 18 U.S.C. §115(a)(1)(B)—Threaten to assault and murder a United States Judge.

2.    On October 19, 2020, the undersigned was appointed to represent Defendant.

3.    On January 21, 2021, Defendant was charged by indictment with committing, inter alia:

**Count Four**
**(Felon in Possession of Firearm and Ammunition)**

On or about October 26, 2020, in the District of New Jersey, the defendant, WILLIAM KAETZ, a/k/ a "Bill Kaetz", knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, mailing threatening communications, in violation of 18 U.S.C. § 876, on or about July 16, 2003, at Docket Number 02-752, in the United States District Court for the Eastern District of Pennsylvania, knowingly possessed, in and affecting interstate commerce, a firearm and ammunition to wit: one Arisaka, model Type 99, 7.7x58mm bolt-action service rifle, bearing serial number 33366; sixteen rounds of .30-06 caliber ammunition, stamped TW 52; and one round of .300 caliber ammunition, stamped "W-W SUPER".

In violation of Title 18, United States Code, Section 922(g)(l).

4.    In <u>Rehaif v. United States</u>, --- U.S. ---, ---, 139 S.Ct. 2191, 2194 (2019), the Supreme Court

held that, in order to lawfully convict a defendant of violating 18 U.S.C. §922(g), the government must prove beyond a reasonable doubt that the defendant knew of his status which prohibited him from lawfully possessing a firearm.

5.    The United States Court of Appeals for the Third Circuit has held that the defendant must know of his disqualifying status at the time of the commission of the offense. See United States v. Nasir, 982 F.3d 144, 2019 U.S.App.Lexis 3789, *48 (3d Cir. Dec. 1, 2020) (*en banc*) (footnote omitted) ("All the stipulation demonstrates is that he knew he was a felon at the time he signed the stipulation; based on the stipulation alone, it cannot rightly be said that he knew of his status as a felon when he possessed the firearms at issue").

6.    Count IV of the Indictment fails to set forth all material elements for an offense under 18 U.S.C. §922(g)(1) and otherwise fails to set forth an offense.

7.    Fed.R.Cr.P. 12(b)(3)(B) provides a Court may grant dismissal for a defect in the indictment such as "(iii) lack of specificity" or "(v) failure to state an offense."

8.    This Court is also authorized to grant the following supplemental relief

If the court grants a motion to dismiss based on a defect … in the indictment, … it may order the defendant to be released … under 18 U.S.C. § 3142 ….  This rule does not affect any federal statutory period of limitations

Fed.R.Cr.P. 12(g) (Pleadings and Pretrial Motions)

WHEREFORE, Defendant requests that this Honorable Court grant relief as follows:

(1)   Dismiss Court IV of the January 21, 2021 Indictment without prejudice;

(2)   Release as authorized under Fed.R.Cr.P. 12(g); and

(3)   Such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

 /s/ Douglas Sughrue
Douglas Sughrue, Esquire

2