William F. Katz
#11350-067 Essex County Jail
354 Doremus Ave
Newark NJ 07501

```
FILED
FEB 02 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA
```

United States of America
v.
William F. Katz

United States District Court
Western District Pennsylvania

Case No: 2:20-cr-01090
Motion To Cease And Desist
Motion To Dismiss For
Violation of 6th Amendment
And Speedy Trial Act
Emergent Circumstances
#10 of Standing
Order
Fed. R. Crim. P. R. 12(b)(3)(A)(ii)

To: Goodman U.S. Attorney
United States District Court
Western District Pennsylvania
Joseph F. Weis Jr. U.S. Courthouse
700 Grant Street Suite 4000
Pittsburgh PA 15219

I William F. Katz, Moves For A Cease And Desist Of Prosecution Order And To Dismiss Case Because Of Violations Of My Constitutional Guarantees Of The Sixth Amendment And The Speedy Trial Act. With All The Safety Precautions, Gov. Could Have Indict Me On Time. (See Standing Order.)   [1 OF 15]   (Add Cease + Desist Order.)

THE FACTS Supporting THIS MOTION TO DISMISS ARE BASED ON PreIndictment DELAY CAUSED By THE Government ARE Intentional DELAYS CALCULATED TO HAMPER THE DEFENSE. THE ULTIMATE ResponsiBiLity For AN ON-TIME Indictment RESTS WITH THE GOVERNMENT RATHER THAN THE ACCUSED. THIS CASE IS A NON-Complex CASE. I WAS ARRESTED October 18, 2020, AT MY Hearings on October 26, 2020 THE U.S. ATTorneys WERE Ordered To Indict ME AS SOON AS POSSIBLE, IT IS NOW JANUARY 19 2021, over NINETy (90) Days I HAVE BEEN INCARCERATED WITHOUT AN Indictment. WITHIN THE FIRST SIXTY (60) DAYS AN Indictment MUST BE DONE, THE Tolling STARTED WHEN I WAS ARRESTED, October 18 2020. (SEE 18 USCS§3161(6)), IF NO Indictment is Filed WITHIN THE TIME LIMIT AND NO LEGITAMATE EXTENTIONS by 18 USCS § 3161(H) is Filed, SUCH CHARGE AGAINST THAT INDIVIDUAL CONTAINED IN SUCH Complaint SHALL BE DISMISSED.

I MY CASE THERE WERE NO LEGITAMATE EXTENTIONS UNDER 18 USCS § 3161(h) OTHER THAN THE BLANKET PANDEMIC STANDING ORDERS THAT ARE REASONABLY QUESTIONABLE AND CANNOT PUT AWAY THE CONSTITUTIONAL GUARANTEES OF THE Federal Constitution THAT ARE GUARANTEED During Good AND BAD TIMES. (Incorporated Dec 7, Reily Brief)

2 OF 15

United States Supreme Court views on the Speedy Trial rights under the Federal Constitution Sixth Amendment (173 L. Ed 2d 1335), the Court has indicated in the following cases that Dismissal of the charges against accused is the only possible Remedy for Denial of the Accused's Speedy Trial Right under the Federal Constitution's Sixth Amendment. Barker v Wingo 407 U.S. 514 92 S Ct 2182 33 L. Ed 2d 101 (1972); Strunk v. United States (1973) 412 U.S. 434 93 S Ct 2260 37 L Ed 2d 56 1973 U.S. LEXIS 54; United States v. Scott (1978) 437 U.S. 82 98 S Ct 2187 57 L Ed 2d 65 1978 U.S. LEXIS 109.

The United States Supreme Court has held Pre-Indictment Delay in a Criminal Proceedings Constitute Violation of the Federal Constitution's Sixth Amendment. Smith v. United States (1957) 360 U.S. 1 LEXIS 850; Dillingham v. United States (1975) 423 U.S. 64 LEXIS 97; Baker v. Mc Collan (1979) 443 U.S. 137 LEXIS 141.

In the Barker case, Delay for an Uncomplex crime is less tolerated than a Complex Crime, like a Conspiracy case. My case is an Uncomplex case therefore no tolerance is warranted.

3 of 15

In the <u>STRUNK</u> case, the public interests in a broad sense as well as the constitutional guarantee of the right to a speedy trial commanded prompt disposition of criminal charges. In my case the government violated public interests and trusts by failing prompt disposition of my case.

The <u>BARKER</u> test is (1) length of delay (2) reason (3) assertion of right (4) prejudices. My claim is pre-indictment delay, and by statutory language, my case is required to be dismissed. I did not approve continuances and over 60 days I did not file motions and I have no knowledge of any other filings during that time.

The length of time is now over 90 days. The Court could have indict me on time.

The reason is the blanket standing orders, as to which cannot put away constitutional guarantees.

I asserted my rights with my speedy trial letters of 12/14/2020, filed 1/4/2021, a letter to Douglas Sughrue my appointed attorney of 12/25/2020, a U.S. Supreme Court Writ of 1/4/2021, a Third Circuit Appeals Court Writ of 1/4/2021, my correspondance letter of 1/4/2021 to Judge Raujan,

Douglas Sughrue, the U.S. Attorney, and the Court Clerk, and the Letter and Motion Requests to my Attorney Douglas Sughrue of 1/17/2021.

Prejudices are:

1. Seriously interfering with my Liberty, incarceration.
2. Disrupting my employment and LLC, my company.
3. Draining my Financial Resources, no incoming money.
4. Curtailing my Associations, Loss of Fiancé.
5. Subjecting me to Public Obloquy, I was publicized.
6. Creating Anxiety in me, my Family and my Friends.
7. I remain under constant threat that the Standing Orders will change and I will be incarcerated indefinately without indictment or trial and the Constitution will disappear. This is EMERGENT CIRCUMSTANCES.

Delays depend on a case to case analysis. Invocation of the Speedy Trial Provision was not required to wait Indictment, the Arrest engaged the Speedy Trial Act.

Prejudices is to be assessed in light of the Interests of the Accused that the Speedy Trial Right was designed to protect. Purpose of the 6th Amendment is
① Prevent Oppressive Pretrial Incarceration
② Minimizing Accused's Anxiety and Concern

(3) Most serious interest, which was limiting the possibility that no defense would be impaired.

The U.S. Supreme Court said in Moore v. Missouri 1973 414 U.S. 94 S Ct 188 38 L Ed 2d 183 1973 U.S. Lexis 170, none of the factors ... [length, reason, assertion, prejudice] was either a necessary or sufficient condition to find a deprivation of the speedy trial right. The Court said that the pointed facts, which had no talismatic qualities, had to be considered together with such other circumstances as might be carried out in full recognition that the accused's interests in a speedy trial was specifically affirmed in the Constitution.

I my case the government acted with sure trial delays calculated to hamper my defenses and mischaracterizes my words to keep me in jail and took all my defense evidence and delays my case all to prevent me from forming and presenting a defense. This is evident in there actions of prosecuting my case, confiscation of my property 2 days before hearings, and mischaracterizing my writings and adding words to create a crime and prevent defense.

6 of 15

The Blanket "Standing Orders" of the Federal Courts and "Emergency Orders" of the States have been knocked down and disregarded, invalidated, when it comes to Constitutional Rights guaranteed by Federal Constitution.

The Supreme Court case of <u>Roman Catholic Diocese V. Cuomo 208 L. Ed 2d 206 2020 U.S. Lexis — S. Ct. — 2020 WL 6948354 (U.S. November 25, 2020)</u> is relevant to everyone's constitutional rights, and to all rights. The Court recognized "Members of the Court are not public health experts and should respect the judgement of those with special expertise and responsibility in this area. But even in a pandemic the Constitution cannot be put away and forgotten."

In the Eighth Circuit U.S. Court of Appeals in <u>Carson V. Simon, 2020 U.S. App Lexis 34184 (October 27, 2020 Case No: 20-3137) 978 F. 3d 1051,</u> the Court Held "There is no pandemic exception to the Constitution."

In the U.S. District Court for the District of South Dakota, Northern Division, <u>2020 U.S. Dist. Lexis 243175 (December 28 2020, Case No: 1:20 -CV-01021 - BK )</u>, the Court Held, "The Federal Constitution, while flexible, does not allow a blanket refusal to afford defendants their right to a speedy trial." (<u>Kortenbach V. Howell</u>)

In the United States District Court for the Central District of California Southern District, <u>United States v. Olsen, 2020 U.S. Dist. Lexis 193045 Case No: SACR 17-00076-CJC</u>, the Charges Dismissed, the Overview - The Charges against defendant were dismissed with prejudice because defendant was denied of his Constitutional right to a public and speedy trial pursuant to Sixth Amendment which was guaranteed by the Constitution during all times Good and Bad... It is not a question of <u>if the Court</u> should have held defendant criminal jury trial during this stage of the pandemic, but a question of how the Court could have held it.

In the United States District Court of the Western District of Pennsylvania, County of <u>Butler et al., v. Thomas W. Wolf et al., 2020 U.S. Dist. Lexis 167544</u> - September 14, 2020 Case No: 2:20-CV-677. The Court held the "Emergency Orders" violated the 1st Amendment and the 14th Amendment Due Process and Equal Protection and Right to Assemble Clauses.

In <u>United States v. Lev 2020 Dist Lexis 90534 2020 WL 2615477 (D.N.J. May 22, 2020</u>, the Court said unless a reason for disregarding or invalidating standing orders 20-02 and 20-03 exists... the defendants position must fail...

THE THIRD EXTENTION OF STANDING ORDERS, AS WITH THE PREVIOUS STANDING ORDERS, ARE BASED ON SECONDARY EVIDENCE THAT IS SUPPORTED BY DISCRETIONARY WORDS THAT ARE NOT DEFINATIVE. THE ORDERS ARE BASED ON "ADVISE" AND "POSSIBILITIES" OF A "POLICY" AND 3rd PARTY "DIRECTIVES" BASED ON 3rd PARTY "STATISTICS" AND "RECOMMENDATIONS". IT ALSO SINGLES OUT "THOSE WHO ARE AT INCREASED RISK OF COVID-19 DUE TO AGE OR OTHER REASONS" AND THOSE WHO FACE "CHALLENGES" AND "SERIOUS IMPACT" BECAUSE OF COVID-19. THE COURT CONCLUDED THAT IN ORDER TO FURTHER "PUBLIC SAFETY" OF THE OTHERS, MY SAFTY AND CONSTITUTIONAL GUARANTEES CAN BE THROWN AWAY INDEFINITLY, MY LIBERTY TAKEN WITHOUT INDICTMENT OR TRIAL. THE ORDERS ARE BIAS TO ACCUSED, I AM INNOCENT UNTIL PROVEN GUILTY, TO TREAT ME LESS THAN OTHERS IS BIAS. THE COURT VOLUNTARILY CAUSED ITS OWN PROBLEMS AND I SHOULD NOT PAY THE PRICE. GRAND JURIES HAVE BEEN GOING ON, THE PANDEMIC CANNOT BE USED FOR AN EXCUSE. THE COURT COULD HAVE INDICTED ME ON TIME BUT CHOSE NOT TO BECAUSE OF A VIRUS THAT HAS A VACCINE, TREATMENT, 96% SURVIVAL RATE, AND ONLY A SELECTIVE FEW ARE AT RISK. THE STANDING ORDERS VIOLATE THE EQUAL PROTECTION, DUE PROCESS, SPEEDY TRIAL, CLAUSES OF THE FEDERAL CONSTITUTION.

The meeting of "GOALS" of "SAFETY," "PROTOCOLS" AND THE PROTECTION OF "THOSE" CITIZENS ONES OVER OTHERS' UNALIENABLE RIGHTS GUARANTEED BY THE FEDERAL CONSTITUTION, MY SPEEDY TRIAL ACT AND 6th AMENDMENT RIGHTS, AND MY LIBERTY, AND OTHERS SIMILARLY SITUATED, DOES NOT SERVE JUSTICE. IT IS A MISCARRIAGE OF JUSTICE.

THE ENDS OF JUSTICE ARE NOT SERVED BY THE STANDING ORDERS' CONTINUANCES TO EXCLUDE THE SPEEDY TRIAL ACT AND THESE CONTINUANCES **DOES** NOT OUTWEIGH THE INTERESTS OF THE PUBLIC.

I AM THE "PUBLIC" AND MY RIGHTS ARE JUST AS HEAVY AS ANOTHER PERSON'S RIGHTS. MY LIBERTY INTERESTS, AND OTHERS SIMILARLY SITUATED, ARE NOT INCLUDED IN THE STANDING ORDERS, WHEREFORE, THE STANDING ORDERS ARE BIAS.

"...IN A PANDEMIC THE CONSTITUTION CANNOT BE PUT AWAY AND FORGOTTEN" <u>CUOMO</u> CASE, U.S. SUPREME COURT. "...THERE IS NO PANDEMIC EXCEPTION TO THE CONSTITUTION" THE <u>CARSON</u> CASE, 8th CIR. T. U.S. APPEALS COURT, " THE FEDERAL CONSTITUTION... DOES NOT ALLOW A BLANKET REFUSAL TO AFFORD DEFENDANTS THEIR RIGHT TO A SPEEDY TRIAL" THE <u>VERTENBACH</u> CASE U.S. DISTRICT COURT S.D N.D. THE <u>LILLE</u> CASE, EMERGENCY ORDERS VIOLATED 1st AND 14th AMENDMENTS.

In the Olsen case Court said it is not a question of if the Court should have held defendant's criminal jury trial during this stage of the pandemic, but a question of how the court could have held it.

Similarly in my case, it is not a question of if the court should have indicted me on time during this stage of the pandemic, but a question of how the court could have indicted me on time (I incorporate Doc.#7; My Reply).

The Standing Orders states all courthouses mandate the wearing of face coverings, established Covid-19 protocol for all entrants and institute temperature screenings, social distancing, limited elevator occupancy, and the use of telephonic conferencing. The court continues to monitor its operations and minimizes contact between persons, all at the same time preserving its core mission of serving the public through the fair and impartial administration of justice.

The court, with all the methods, could have indicted me on time, my case is not a complex case, the 6th Amendment is guaranteed in good times and bad, there is no pandemic exception to the Constitution, and it cannot be put away. The standing orders must be disregarded, invalidated in my case.

11 of 15

In the W/EF case this U.S. District Court W.D. Pa. said ordinary constitutional scrutiny is necessary to maintain the independent judiciary's role as a guarantor of constitutional liberties - even in an emergency. The application of normal scrutiny will only require the government to respect the fact that the Constitution applies even in times of emergency. The application of normal scrutiny will only require the government to respect the fact that the Constitution applies even in times of emergency, as the Supreme Court has observed "[t]he Constitution was adopted in a period of grave emergency. Its grants of power to the federal government and its limitations of power of the states were determined in the light of emergency, and they are not altered by emergency." <u>Home Building & Loan Ass'n v. Blaisdell</u>, 290 U.S. 398, 425, 54 S.Ct. 231, 78 L. Ed. 413 (1934). Courts have a duty to fully examine and address issues legitimately brought to them by the parties and failure to do so in the name of restraint may very well constitute a dereliction of duty see <u>Citizens United v FEC</u>, 558 U.S. 310, 329, 130 S. Ct. 876, 175 L. Ed. 2d 753 (2010) ("It is not judicial restraint to accept an unsound, narrow argument

just so the court can avoid another argument with broader implications. Indeed, a court would be remiss in performing its duties were it to accept an unsound principle merely to avoid the necessity of making a broader ruling.")

Here the court cannot, consistent with its most fundamental duties, avoid addressing the issues raised by me, the defendant, relating to all the content of this filing, the attachments, all the cases involved that are connected to this case and are the cause of my actions; also the fact that my actions are petitions and this is a first amendment case; to include all my writings to this court and all other courts; and to my appointed counsel; and the cases quoted herein; all support my motion to dismiss the case for violations of my constitutionally protected and guaranteed rights, Sixth Amendment and the Speedy Trial Act and First Amendment.

(WOLF) The Court is guided in this backbreaking emergency measures by principles of established constitutional jurisprudence. A pandemic cannot be permitted to undermine our system of constitutional liberties or the system of checks and balances protecting those liberties. The greatest threats to constitutional liberties is when the ends are laudable and the intent is good - especially in an emergency.

13 of 15

In my case I have claimed pre-indictment delay, violations of the Speedy Trial Act and the 6th Amendment guarantees with substantial constitutional reasons to disregard and invalidate Standing Orders 20-02 and 20-03, and any other Standing Order, that is used as an extention under 18 USCS § 3161(h) to deny my Constitutional right to Speedy Trial pursuant to the 6th Amendment which was guaranteed by the Constitution during all times good and bad, to include time limits for indictment, supported by U.S. Supreme Court, U.S. Appeals Court, and U.S. District Court decisions and the Constitution of the United States. The pandemic orders don't serve justice.

Therefore, for all the reasons presented, for violation of 18 USCS § 3161(b), failure to indict on time, the Criminal Complaint is required to be dismissed, disregarding the Standing Orders, enforcing Constitutional Guarantees. Pandemic orders does not outweight public interests.

I swear under penalty of perjury the statements herein are true to the best of my knowledge and belief.

DATE: 1/23/2021   By: William Fitz
                      William F. Fitz

## CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY I SERVED THIS MOTION TO DISMISS FOR VIOLATION OF THE 6TH AMENDMENT AND SPEEDY TRIAL ACT BY FIRST CLASS MAIL TO:

United States District Court
Western District Pennsylvania
① Attention: Court Clerk
② Attention: Tonya S. Goodman (Suite 4000), PLEASE SERVE VIA PACER
③ Attention: Judge Ranjan
Joseph F. Weis Jr. U.S. Courthouse
700 Grant Street
Pittsburgh PA 15219

Sughrue Law
Douglas Sughrue
429 Fourth Ave
Suite 501
Pittsburgh PA 15219

DATE: 1/23/2021   By: William F. Kaetz