IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) 2:21-CR-71 |
| | ) |
| WILLIAM KAETZ, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

A grand jury indicted Defendant William Kaetz on four criminal counts—one of which charges him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* ECF 31 (Count IV). Mr. Kaetz now moves to dismiss this count, arguing that the indictment fails to set forth that he knew of his status barring him from possessing a firearm, and thus the indictment "fails to set forth all material elements for an offense under 18 U.S.C. § 922(g)(1)." ECF 44, ¶ 6; *see also Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019) ("We conclude that in a prosecution under 18 U.S.C. § 922(g) . . . the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). After careful consideration, the Court will deny Mr. Kaetz's motion.

"An indictment is facially sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (cleaned up). This is not a high burden—generally, the indictment need only cite the relevant statute, list the elements of a violation under that statute, and specify the period when the violation occurred. *Id.* An indictment that tracks the language of the

relevant statute is typically sufficient. *Id.*; *see also United States v. Nasir*, 982 F.3d 144, 162, n.15 (3d Cir. 2020).

The Court finds that Count IV of the indictment against Mr. Kaetz is sufficient. Contrary to Mr. Kaetz's assertions, Count IV adequately alleges that Mr. Kaetz knew of his status that prohibited his firearm possession: "[Mr. Kaetz], ***knowing*** *he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year* . . . knowingly possessed, in and affecting interstate commerce, a firearm and ammunition[.]" ECF 31 (Count IV) (emphasis added). This is sufficient. *See, e.g.*, *Nasir*, 982 F.3d at 162, n.15; *United States v. Brown*, – F. App'x –, 2021 WL 672366, at *2-3 (D.C. Cir. Jan. 19, 2021); *United States v. Morales*, 987 F.3d 966, 979 (11th Cir. 2021) ("Since the text of § 922(g) implies a knowledge-of-status element, an indictment that tracks this text sufficiently states a crime against the United States."); *United States v. Hayes*, 811 F. App'x 30, 37 (2d Cir. 2020) ("The standard for the sufficiency of an indictment is not demanding, and requires little more than that the indictment track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime. The indictment here, which closely tracks the language of § 922(g)(1), plainly meets this standard." (cleaned up)); *see also* 18 U.S.C. § 922(g)(1) (stating that it is unlawful for anyone to possess a firearm or ammunition if he "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year").[1]

Accordingly, it is **ORDERED** that Defendant's motion to dismiss Count IV of the indictment (ECF 44) is **DENIED**.

---

[1] Mr. Kaetz's main complaint appears to be that the evidence against him is insufficient, and that the government cannot meet its burden of proof. *See* ECF 44, ¶¶ 4-5. The sufficiency of the evidence, however, is addressed at trial; it is outside the scope of a Rule 12 motion. *See Huet*, 665 F.3d at 595 ("The scope of a district court's review at the Rule 12 stage is limited. A pretrial motion to dismiss an

DATE: April 5, 2021                  BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge
*Sitting by designation

---

indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." (cleaned up)).