# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL DIVISION |
| vs. | Criminal No. 21-71 |
| WILLIAM F. KAETZ,<br>    Defendant. | Judge J. Nicholas Ranjan |

## MOTION TO TRANSFER VENUE

AND NOW, comes the Defendant, William F. Kaetz, by and through his attorney, Douglas Sughrue, Esquire, filing this motion to transfer venue pursuant to Federal Rule of Criminal Procedure 21(a) & (b). In support thereof, the following is averred:

1. Defendant is charged in a four-count indictment with violating:

   a. Title 18 U.S.C. §115(a)(1)(B) and 115(b)(4)—Threats to assault and murder a United States Judge;
   b. Title 18 U.S.C. §875(c)—Interstate communications containing threats to injure;
   c. Title 18 U.S.C. §119(a)(1)—Making restricted personal information publicly available;
   d. Title 18 U.S.C. §922(g)(1)—Felon in possession of firearm and ammunition.

2. Since his arrest on a complaint on October 26, 2020, Mr. Kaetz has been detained in the Essex County Correctional Facility (ECCF).

3. Federal Rule of Criminal Procedure 21 states, in pertinent part:

   Rule 21. Transfer for Trial

   (a) For Prejudice. Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.
   (b) For Convenience. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.

   Fed. R. Crim. P. 21

4. Mr. Kaetz requests transfer from the DNJ to the WDPA because he may not receive a fair, impartial, or speedy, trial in the DNJ and because the interest of justice so requires due to:

a. COVID-19 delays and the current status of covid-19 spread in and around the community of the Newark, NJ point of holding court is worse when compared to the Pittsburgh, PA point of holding court. Newark, NJ is a much more densely populated area than that of Pittsburgh, PA;

b. The ECCF, where Mr. Kaetz is being held, does not permit access for attorneys and clients to meet in person, review matters, and prepare for trial. Currently only phone calls are possible between Mr. Kaetz and Counsel. As per a recent check with the facility, the ECCF is only permitting non-contact visits between lawyers and clients. The local FPD office informed Counsel that the non-contact room set-up is less than ideal and not at all confidential as the inmate is exposed to the block while trying to communicate with their lawyer through the glass. A fair trial includes a trial with an effective lawyer. Having 363 miles and more than 5 hours between a lawyer and client make effective representation and client communication onerous;

c. There are six empty benches in the DNJ leaving 11 Judges on the bench with each judge handling greater than 2700 cases.[1] Criminal trials are backed up since covid-19 shut down jury trials. The WDPA has a full complement of Judges. The covid-19 backlog of cases and trial is more severe in the DNJ than in WDPA. The backlog of cases in the WDPA is still great due to covid-19, but the shortage of judges in the DNJ amplifies the time required to resolve the backlog;

---

[1] Judges Juggle Over 2700 cases each as Families Wait for Their Day in Court, NYT, 3/17/21, https://www.nytimes.com/2021/03/17/nyregion/federal-court-nj-judges.html

d. There is no advertised plan in the DNJ as to how cases will be prioritized once normal court operations resume. Without a local presence (Judge, Prosecutor, or CJA lawyer) in the DNJ, any ability to fit this trial in to the schedule may be limited;

e. Mr. Kaetz could be waiting for his day in court well into December 2021 or later if this case stays in the DNJ which is not good for his Constitutional rights, the right to the public and Mr. Kaetz to a speedy trial or the interests of justice.

f. Mr. Kaetz expects to be able to have his day in court this summer or early fall in the WDPA.

g. On July 19, 2020, a man attacked the family of DNJ Judge Esther Salas at their home killing her son and severely wounding her husband. Later that year, Mr. Kaetz was arrested for allegedly threatening Judge1 (not Judge Salas) after which the DNJ bench, the DNJ U.S. Attorney's Office, and the DNJ Federal Public Defender's office recused themselves from this matter resulting in, *inter alia*, WDPA Judge J. Nicholas Ranjan sitting by special designation. In January 2021, Judge Salas appeared on NBC's News series "Dateline." Judge Salas has also appeared on local TV to talk about her family and the current protection level, or lack thereof, for the federal judiciary. All of the above continues to bring to light a horrific time in Judge Salas's life. Mr. Kaetz submits the tragedy of Judge Salas's loss, the subsequent news coverage, and the news coverage of Mr. Kaetz's case may make finding a fair and impartial jury in the DNJ difficult. Although Dateline is a national show making its way into the WDPA, overall, there has been less news coverage of Judge Salas by the local WDPA newspapers, television stations, and online news sources.

5. Mr. Kaetz's Constitutional rights are best preserved, and the interests of justice best served by transferring this matter to the WDPA for trial and potential sentencing.

6. While this matter is pending trial, Mr. Kaetz's is best served by being moved to a location closer to his lawyer and to be held in a facility which permits contact attorney visits[2]. Mr. Kaetz will not be missing out on family visits since the ECCF does not permit nonprofessional (family) visits into their facility at this time.

7. Mr. Kaetz does not wish to be quarantined upon his transfer. Mr. Kaetz has been vaccinated and that information is available to the USMS to provide to any facility into which Mr. Kaetz will be transported.

8. Immediate transport of Mr. Kaetz to a local facility which permits contact attorney visits best permits Mr. Kaetz and Counsel to finally meet in person and to begin to firm up trial preparation procedures. Waiting to transport Mr. Kaetz at the time of trial will rob Mr. Kaetz of valuable time to prepare for trial with Counsel as well as place an extraordinary level of stress and anxiety on Mr. Kaetz at trial time.

9. The USA has no objection to this motion.

WHEREFORE, after review of the above, Mr. Kaetz respectfully requests this Honorable Court issue an order directing that this matter be transferred to the WDPA for trial. Mr. Kaetz[3]

---

[2] Mr. Kaetz understands that local jail facilities operational protocol can change without notice to deal with any covid-19 outbreaks. Currently, Butler, Beaver, Indiana, & Cambria County Jails all permit contact attorney client visits. Although Counsel believes the ACJ permits lawyers entry into the facility, only non-contact attorney-client visits are possible which means talking through a phone-like device through glass and another small window in the door between the client's side of the non-contact visiting room and the upper tier of the pod while the client sits on a stool on the mezzanine of the upper pod exposed to the whole pod and its distractions. The ACJ non-contact attorney visiting process also prohibits the sharing of documents and most importantly, confidentiality.

[3] Mr. Kaetz has received the covid-19 vaccination while housed in the ECCF. Mr. Kaetz authorizes the USMS to have access to this information to facilitate his transfer and to reduce the possibility of having to be isolated for 14 days upon his transfer to the WDPA.

further requests that the USMS be ordered to transport Mr. Kaetz to a local facility which permits attorney-client contact visits so Mr. Kaetz can effectively prepare for trial in this matter.

                                                         Respectfully submitted,

                                                         /s/ Douglas Sughrue
                                                         Douglas Sughrue, Esquire