IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES | ) |
| v. | ) 2:21-CR-71 |
| WILLIAM KAETZ, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Defendant William Kaetz presently moves to transfer venue from the District of New Jersey to the Western District of Pennsylvania, relying on both Federal Rule of Criminal Procedure 21(a)[1] & 21(b).[2] ECF 67. The government does not oppose Mr. Kaetz's motion. *Id.* at ¶ 9; ECF 68, ¶ 2. For the reasons discussed below, the Court will grant Mr. Kaetz's motion, and transfer venue to the Western District of Pennsylvania.

A district court has wide discretion in deciding whether to transfer venue. *See, e.g.*, *Skilling v. United States*, 561 U.S. 358, 378, n.11 (2010) ("[D]istrict-court calls on the necessity of transfer are granted a healthy measure of appellate-court respect."); *United States v. Menendez*, 109 F. Supp. 3d 720, 725 (D.N.J. 2015) ("Motions under Rule 21(b) are generally committed to the discretion of the district courts. . . . The defendant need not show truly compelling circumstances, but rather that, all relevant things considered, the case would be better off transferred to

---

[1] Federal Rule of Criminal Procedure 21(a) states: "For Prejudice. Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."

[2] Federal Rule of Criminal Procedure 21(b) states: "For Convenience. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."

another district." (cleaned up)).  Here, the Court finds that transfer of venue is appropriate under at least Rule 21(b).

The Court may consider various factors in deciding whether transfer is appropriate under Rule 21(b)'s basis of convenience.[3]  To begin with, the unique circumstances of this case warrant transfer of venue.  Counsel for both Mr. Kaetz and the government are in the Western District of Pennsylvania, as is the undersigned who is sitting by designation.  Further, Mr. Kaetz is presently detained in a New Jersey detention facility pending trial; and his counsel has advised that Mr. Kaetz's transfer to a detention facility in the Western District of Pennsylvania may allow Mr. Kaetz to communicate more easily and frequently with his attorney in order to prepare for trial.  *See generally* ECF 67.

Additionally, while the Court does not find that the media coverage of the attack on Judge Salas's family, by itself, warrants transfer of venue due to prejudice (ECF 67, ¶ 4(g)), the Court concludes that potential jurors in the Western District of Pennsylvania will be less likely to have been exposed to such media coverage, thus rendering any media coverage less of an issue, and jury selection and trial generally more streamlined, in the Western District of Pennsylvania.

Finally, while the alleged criminal events occurred in the District of New Jersey, neither side has cited any hardships that will result if venue is transferred, such as inconvenience to witnesses or any victims.  And even so, the Court finds that any added difficulties that witnesses may experience by having to travel to

---

[3] Various factors include "(1) location of [the] defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) potential disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer." *See Menendez*, 109 F. Supp. 3d at 725 (citing *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 243–44 (1964)).

- 3 -

Pennsylvania for trial is minimal in light of the other considerations of convenience that such transfer provides. As Mr. Kaetz is willing to forgo the Sixth Amendment's guarantee of a trial in "the state and district wherein the crime [was] committed," and as no party opposes such transfer, the Court finds that transfer of venue is warranted under Rule 21(b). The Court therefore concludes that in light of this confluence of considerations, transfer of venue to the Western District of Pennsylvania is appropriate.

Accordingly, it is **ORDERED** that Defendant's motion to transfer venue (ECF 67) is **GRANTED**. This case shall be transferred forthwith to the United States District Court for the Western District of Pennsylvania (Pittsburgh Division), wherein the undersigned shall continue to preside. By separate order, the Court will direct the United States Marshal's Service to take custody of Mr. Kaetz for transport to the Western District of Pennsylvania.

DATE: April 27, 2021         BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge
*Sitting by designation